IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON MULVEY, Individually and on Behalf of Himself, and all Others Similarly Situated, § § § § Plaintiff, § § v. § § ALLSTATE INSURANCE COMPANY, § ALLSTATE TEXAS LLOYDS, INC., and § Doe Individuals and Corporations 1-100 § Inclusive, § § Defendants. § | | Civil Action No. 3:18-CV-1271-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Allstate Insurance Company and Allstate Texas Lloyds, Inc.'s Motion to Dismiss (Doc. No. 14). The Court has carefully considered the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record. Having concluded that Plaintiff Aaron Mulvey has no standing under Article III to bring this action, the Court **GRANTS** Defendants' motion and this case is hereby **dismissed without prejudice**.

I. **Factual and Procedural Background**

Plaintiff Aaron Mulvey ("Plaintiff") filed this lawsuit as a class action on May 17, 2018 in this Court. In his Complaint, Plaintiff alleges Defendants Allstate Insurance

Company and Allstate Texas Lloyd's, Inc. ("Defendants") obtained the motor vehicle records of Texas drivers for impermissible purposes under the Driver's Privacy Protection Act of 1994 ("DPPA"). As a result, Plaintiff alleges he and the other class members suffered harm to their privacy interests codified in the DPPA and subsequently filed this lawsuit. Defendants filed the instant motion to dismiss.

II.     Applicable Law

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge the subject matter jurisdiction of a district court to hear a case. FED. R. CIV. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss falls on the party asserting that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Olijeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002). A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Assn. of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006,

1010 (5th Cir. 1998). If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

Federal courts have jurisdiction only where a case or controversy is presented by a party with standing to litigate. *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 25 (5th Cir. 1997). Lack of Article III standing is a defect in subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-61 (1992); *see also Cobb v. Central States Southwest and Southeast Areas Pension Fund,* 461 F.3d 632, 635 (5th Cir. 2006), *cert. denied,* 549 U.S. 1180 (2007) (standing is an issue of subject matter jurisdiction); *McNair v. United States Postal Svc.,* 768 F.2d 730, 737 (5th Cir. 1985) (lack of standing robs the court of jurisdiction to hear the case).

The "irreducible constitutional minimum of standing" consists of three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) the "injury in fact" is causally connected to the defendant's actions; and (3) the plaintiff's injury must be likely to be "'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560-61. The burden rests with the plaintiff, the party invoking federal jurisdiction, to establish each of the three elements. *Id.* at 561. "Since they are not mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

At the pleading stage of the case, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S.Ct. 1540, 1547 (2016)(internal citation omitted).

The "'[f]irst and foremost' of standing's three elements" is injury in fact. *Id.* "Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1547-48. A plaintiff must show that he suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548. A "particularized" injury affects the plaintiff personally and individually. *Id.* In addition to being particularized, the injury must also be "concrete", meaning a real injury that actually exists. *Id.*

### III. Analysis

In their motion to dismiss, Defendants argue that this case must be dismissed because: (1) Plaintiff lacks standing to bring this suit; and (2) Plaintiff failed to state a claim for relief. More specifically, as to standing, Defendants assert that Plaintiff has not alleged any facts suggesting or specifying that his own information was obtained for impermissible purposes thereby violating the DPPA. Plaintiff responds that Congress created a right under the DPPA to protect the privacy of drivers, there is

recognized harm to the Plaintiffs whose information was improperly obtained by Defendants, and, even though the harm may be intangible, it is still concrete, so Plaintiff has standing. In their reply, Defendants contend that Plaintiff fails to allege or otherwise indicate that his own information was actually obtained and, as a result, he does not and cannot allege a particularized and concrete injury, a required element of standing.

The Court agrees with Defendants. Plaintiff fails to allege he suffered an injury-in-fact which is "the [f]irst and foremost' of standing's three elements." *See Spokeo*, 136 S.Ct. at 1547. In the DPPA, Congress identified the harm as improperly obtaining, disclosing, or using drivers' personal information. *See Reno v. Condon*, 528 U.S. 141, 146-47 (2000). Therefore, to establish an injury-in-fact in this case, Plaintiff was required to allege that his own information was knowingly obtained by Defendant for an impermissible purpose. *See Sistrunk v. Titlemax, Inc.*, Civ. Action No. SA-14-CA-628-RP(HJB), 2016 WL 9450445, at *6 (W.D. Tex. Aug. 26, 2016). Plaintiff's Class Action Complaint, in which his allegations regarding Defendants' conduct reference other potential class members, does not clearly allege that Plaintiff's own personal information was obtained by Defendant. However, in his sworn Declaration filed in support of his Complaint, Plaintiff testifies that he is "concerned about [his] personal privacy and security, and that of [his] family, **if** [his] personal information provided to

the Texas Motor Vehicle Department **were to be released** to unauthorized person or companies". *See* Doc. No. 1-5 (emphasis added). This testimony evidences that Defendants have not obtained Plaintiff's own information for impermissible purposes at the time this case was filed. His testimony confirms that any harm he could allege is based on the potential release of his information. Case law is clear that the harm Congress identified in the DPPA is improperly obtaining, disclosing, or using a driver's personal information; not that a person *may* improperly obtain, disclose, or use a driver's personal information. *See Reno*, 528 U.S. at 146-47; *Sistrunk*, 2016 WL 9450445, at *6. Furthermore, that this case may have been filed as a class action does not save it. Aaron Mulvey, as the named plaintiff attempting to represent the class, must allege and show that he personally suffered an injury; he may not rest on an injury suffered by any unidentified class members he may arguably represent. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39-40 (1976). Nowhere in his Complaint or Declaration does Plaintiff unequivocally state, allege, or testify that *his own* information was obtained by Defendant without a permissible purpose.

Plaintiff's responsive argument seems to misunderstand or confuse the notion of a congressionally-created right and harm with standing's requirement of injury-in-fact. Indeed, Plaintiff was not required to allege any additional harm beyond that identified by Congress in the DPPA, and the harm may also be intangible, such as a statutory

violation; but Plaintiff must still allege a particularized and concrete injury. *See Spokeo*, 136 S.Ct. at 1548-49. A violation of a statutory right alone is not sufficient to establish a concrete injury, as explained by the Supreme Court:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation.

*Id.* at 1549. Merely alleging that Defendants obtained drivers' information without consent and without a permissible purpose does not satisfy Plaintiff's burden to allege facts demonstrating the particularized and concrete injury-in-fact requirement of standing. *See id.*; *see also Lujan*, 504 U.S. at 561.

Plaintiff cannot meet his burden to allege or establish he suffered an injury-in-fact which is "the '[f]irst and foremost'" of the required elements of standing. *Spokeo*, 136 S.Ct. at 1547. Accordingly, because Plaintiff Aaron Mulvey did not have standing at the time this lawsuit was filed, the case must be dismissed without prejudice because the Court lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss this case.

**SO ORDERED.**

Signed December 4th, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE